UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD CUMMINGS,

    Petitioner,

v.

STEVEN RIVARD,

    Respondent.
_____/

Case No. 15-cv-12466

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

**I. INTRODUCTION**

Donald Wayne Cummings, ("Petitioner"), confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for conspiracy to commit first-degree murder, tampering with evidence, Mich. Comp. Laws § 750.483a, and disinterment or mutilation of a dead body, Mich. Comp. Laws § 750.160. The court sentenced Cummings to life imprisonment for the conspiracy conviction, and concurrent prison terms of 1 to 10 years each for the tampering with evidence and disinterment convictions. For the reasons that

-1-

follow, the petition for a writ of habeas corpus is **DENIED**.

## II. BACKGROUND

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendants' convictions arise from the death of Brandon Buck, whose unrecognizable body was discovered inside a burning minivan during the early morning hours of April 18, 2011. In September 2011, a witness, Ayesha White, came forward and reported observing the events that led to Buck's death. White was the only witness to the events, and was the only reason authorities were able to determine whose body was found in the van. White stated that she was present when Warner, at Sampson's direction, shot Buck. Afterward, Cummings obtained a minivan and Buck's body was placed inside, and then Cummings poured gasoline inside the minivan and set it on fire. An autopsy determined that Buck was already dead before the fire, having died from multiple gunshot wounds.

*People v. Warner*, No. 311034, 2014 WL 2553303, at *1 (Mich. Ct. App. June 3, 2014).

Petitioner's conviction was affirmed on appeal. *People v. Warner*, 497 Mich. 890, 854 N.W.2d 890 (2014).

Petitioner seeks a writ of habeas corpus on the following grounds:

> I. Defendant is entitled to dismissal of conviction and sentence for conspiracy where there was insufficient evidence to find for this offense. As such, the motion for directed verdict as to this offense should have been granted.

II. Defendant is entitled to correction of his judgment of sentence to reflect his eligibility for parole.

### III. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state court

decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410–11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

## IV. DISCUSSION

### A. Claim # 1. The Sufficiency of the Evidence Claim.

Petitioner claims that there was insufficient evidence to support his conviction for conspiracy to commit murder. Petitioner claims that the evidence

was insufficient to establish that he was one of the participants in the crime and further pleads in the alternative that if the evidence was sufficient to establish identity, the evidence was insufficient to establish that he conspired to commit the crime.

> The Michigan Court of Appeals rejected Petitioner's claim as follows:
>
> The evidence indicated that Cummings acted in concert with Warner and Sampson, before, during, and after the offense. Evidence was presented that Cummings joined Warner in chasing Buck after Warner shot Buck, after having heard Sampson direct Warner to retrieve a gun from Buck and to kill him. This evidence supported an inference that Cummings intended to combine with Simpson and Warner to kill Buck. Although Cummings's actions in orchestrating the disposal of Buck's body by setting the van on fire to cover up the murder involved conduct after the murder was committed, that conduct—in conjunction with the other evidence—was still probative of Cummings's intent to act in unison and combine with Warner and Sampson to kill the victim. Viewed in a light most favorable to the prosecution, the evidence was sufficient to enable the jury to find beyond a reasonable doubt that Cummings conspired with Warner and Sampson to murder Buck.

*People v. Warner*, 2014 WL 2553303, at *4.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could

reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318–19 (internal citation and footnote omitted) (emphasis in the original).

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. A federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Therefore, for a federal habeas court reviewing the sufficiency of evidence for a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S. Ct. 2060, 2065 (2012).

Under Michigan law, a conspiracy is defined as "a mutual agreement or understanding, express or implied, between two or more persons to a commit a criminal act." *Cameron v. Birkett,* 348 F. Supp. 2d 825, 839 (E.D. Mich. 2004) (quoting *People v. Carter*, 415 Mich. 558, 567; 330 N.W.2d 314 (1982)). "[A] two-fold specific intent is required for conviction: intent to combine with others, and intent to accomplish the illegal objective." *Carter*, 415 Mich. at 568. Direct proof of an agreement is not required, nor is proof of a formal agreement necessary. Rather, it is sufficient that the circumstances, acts, and conduct of the parties establish an agreement. *People v. Cotton*, 191 Mich. App. 377, 393; 478 N.W.2d 681 (1991). A conspiracy may be proven by circumstantial evidence or may be based on inference. *Id.*

Under Michigan law, "[t]o prove conspiracy to commit murder, it must be demonstrated that each conspirator had the requisite intent to commit the murder." *Cameron,* 348 F. Supp. 2d at 839 (quoting *People v. Buck*, 197 Mich. App. 404, 412; 496 N.W.2d 321, 327 (1992), *rev'd in part on other grounds sub nom. People v. Holcomb*, 444 Mich. 853, 508 N.W.2d 502 (1993)). "The prosecution must demonstrate that the conspirators deliberated and planned the crime with the intent to kill the victim." *Id.*

In the present case, there was ample evidence for a rational trier of fact to

conclude that Petitioner conspired with the other defendants to kill the victim. The evidence established that Petitioner participated before, during, and after in committing the murder. The record indicates that Warner shot Buck, who took off running. Petitioner then directed Sampson to follow him to the gas station, as he took off in a minivan. At the gas station, Petitioner sprayed the inside cabin of the minivan with gasoline and then set the van on fire. Dkt. No. 7-9, pp. 53–58 (Pg. ID No. 535–40). Buck's charred remains were later found in the minivan. Dkt. No. 7-8, p. 184 (Pg. ID No. 380). A few months later, Petitioner and Warner went to White's house looking for her. Dkt. No. 7-9, pp. 45–46 (Pg. ID No. 527–28); Dkt. No. 7-10, pp. 175–183 (Pg. ID No. 954–62).

Petitioner's actions indicate that he was acting in unison with Warner and Sampson to kill Buck. From Petitioner's active involvement throughout the entire episode of the chasing and the shooting of Buck, a rational trier of fact could conclude that Petitioner participated in the victim's murder, so as to support his conviction for conspiracy to commit murder. *Cameron,* 348 F. Supp. 2d at 840. Moreover, Petitioner's acts of setting Buck's van on fire to conceal the murder and later seeking out the sole witness to the murder, presumably to silence her, established a "continuing attempt to hide the conspiracy." This evidence of Petitioner's consciousness of guilt also supported an inference that Petitioner

conspired with the others to kill the victim. *Id.* Petitioner is not entitled to relief on his first claim.

### B. Claim # 2. Petitioner's Sentencing Claim.

Petitioner next contends that he is entitled to correction of his judgment of sentence to reflect that his life sentence is eligible for parole.

The Michigan Court of Appeals reviewed Petitioner's claim of error and found it meritless as follows:

> The judgment of sentence for each defendant accurately identifies the conviction offense as "Conspiracy to commit 1st degree murder." In the column of the judgment of sentence marked "MCL citation/PACC Code," Cummings's judgment specifies "750.316A[C]" and Sampson's judgment specifies "750.316[C]." According to the Bench Guide: Criminal Records Reporting, MCL/PACC Charge Codes (11th ed, 2003), "[a] conspiracy charge is listed as the PACC charge code followed by a bracketed 'C,' (i.e. Conspiracy to Commit Homicide Murder-First Degree is 750.316[C])." Here, the judgment of sentence for each defendant properly lists the PACC charge code for first-degree murder, followed by a bracketed "C," thereby designating the conviction as one for conspiracy to commit first-degree murder, as clearly stated on the face of the judgment of sentence. In addition, there is nothing in the description of either defendant's life sentence for conspiracy to suggest that it is not subject to parole consideration. Accordingly, remand for correction of the judgments of sentence is not necessary.

*People v. Warner*, 2014 WL 2553303, at *5.

State courts are the final arbiters of state law. *See Bradshaw v. Richey,* 546 U.S. 74, 76 (2005); *Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002). Therefore,

claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

The United States Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005). The Michigan Court of Appeals concluded that Petitioner's judgment of sentence clearly states that he was given a parolable life sentence. Petitioner's second claim is without merit.

## V. CONCLUSION

The Court will deny the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree

that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). The Court will also deny Petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v.*

*Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## VI. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED**.

**IT IS SO ORDERED.**

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge